**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREEMINENT INVESTMENT CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAI DIXON, an individual,<br><br>　　　　Defendant. | Case No.: 5:17-CV-01442-ODW-AGR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [5]** |

## I.　INTRODUCTION

Before the Court is Plaintiff Preeminent Investment Corporation's unopposed[1] Motion to Remand. (Mot., ECF No. 5.) Plaintiff filed this unlawful detainer action in the California Superior Court, and Defendant Jai Dixon removed this case to federal court. (Compl., ECF No. 1; Not. of Removal, ECF No. 1.) For the following reasons, the Court **GRANTS** Plaintiff's motion and **REMANDS** this case to the appropriate state court.

---

[1] Plaintiff filed its Motion to Remand on August 11, 2017, and designated September 11, 2017 as the hearing date for the Motion. Under Local Rule 7-9, Defendant's deadline to file a response or opposition to the Motion was August 21, 2017. This date has passed, and the Court has not received any such response or opposition from Defendant. Therefore, Plaintiff's motion is treated as "unopposed."

1

## II. FACTUAL BACKGROUND

In the Complaint, Plaintiff alleges that it acquired title to real property in Lake Elsinore as a bona fide purchaser. (Compl. ¶¶ 2–4.) Plaintiff further alleges that following the purchase, Plaintiff served Defendant with a Three Day Notice to Quit. (*Id.* ¶ 6.) After Defendant failed to vacate and surrender possession of the property to Plaintiff, Plaintiff initiated an unlawful detainer action in the Riverside County Superior Court on June 13, 2017. (*See generally* Compl.) Defendant removed this action to federal court on July 20, 2017, claiming that this Court has original jurisdiction under 28 U.S.C. § 1331. (Not. of Removal ¶ 3.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the U.S. Constitution and Congress. U.S. Const. art. III, § 2, cl. 1. A defendant may remove a civil action from state court if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction when an action arises under federal law, also known as federal question jurisdiction. 28 U.S.C. § 1331. District courts strictly construe removal statutes against federal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal." *See Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). However, when it appears the federal court lacks subject matter jurisdiction, a party may move to remand the case back to state court. 28 U.S.C. § 1447(c).

## IV. DISCUSSION

In the Notice of Removal, Defendant asserts that this case arises under federal law, claiming that this case involves issues concerning the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). Defendant claims that Plaintiff did not allow the ninety-day notice period required under the PTFA to lapse before filing this unlawful detainer action. (Not. of Removal ¶ 7.)

1 Under the "well-pleaded complaint" rule, federal question jurisdiction is determined from the face of the complaint. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983). As Plaintiff points out in its Motion to Remand, however, Plaintiff's Complaint does not mention the PTFA. (Mot. 4–5.) Rather, Plaintiff asserts only a state law cause of action for unlawful detainer under the California Code of Civil Procedure § 1161. (Compl. ¶ 7.)

The PTFA "was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court." *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1173 (9th Cir. 2013). Defenses may not serve as a basis for federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("the existence of a defense based on federal law is insufficient to support jurisdiction.") Therefore, the potential for a defense under the PTFA does not create a federal question basis for removal.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

Additionally, an unlawful detainer action such as this is not appropriate for federal court. *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF SSX, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law."); *Indymac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (finding no subject matter jurisdiction where sole claim was for unlawful detainer). Thus, Defendant has failed to meet the burden to establish subject matter jurisdiction and this action must be remanded to state court.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand. The Clerk of the Court shall close this case and **REMAND** it back to the Riverside County Superior Court.

**IT IS SO ORDERED.**

August 30, 2017

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**